IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CEDRIC ANTHONY, on behalf of
himself and others similarly situated,

    Plaintiffs,

v.                                                    Case No.:4:14-cv-01787

SOUTHERN UNITED NEIGHBORHOODS
and LOCAL 100 UNITED LABOR UNIONS

    Defendants

## ORIGINAL ANSWER OF DEFENDANTS SOUTHERN UNITED NEIGHBORHOODS AND LOCAL 100 UNITED LABOR UNIONS

TO THE HONORABLE JUDGE OF THE COURT:

    Defendants, Southern United Neighborhoods ("**SUN**") and Local 100 United Labor Unions ("**Local 100**") (hereinafter sometimes referred together as "**Defendants**") file this Original Answer to Plaintiff's Complaint and Demand for Jury Trial ("**Complaint**") and in support thereof show as follows:

1.    Defendants admit that Plaintiff requests a collective action for relief pursuant to the Fair Labor Standards Act as alleged in Complaint paragraph 1, but deny that the class requested is comprised of similarly situated persons or that the relief requested is recoverable.

2.    Defendants admit that jurisdiction of Plaintiff's claims is proper in this Court as alleged in Complaint paragraph 2.

3.    Defendants admit that venue of Plaintiff's claims is proper, a alleged in Complaint paragraph 3, but deny that unpaid overtime has been incurred.

4.    Defendants can neither admit nor deny that Plaintiff resides in Harris County, Texas as alleged in Complaint paragraph 4.

5. Local 100 admits that Plaintiff was employed by Local 100 from December 12, 2013 through April 1, 2014, and admits the allegations regarding work performed by Plaintiff as set forth in Complaint paragraph 5. Defendants deny that Plaintiff was employed by SUN.

6. Defendants admit the allegations set out in Complaint paragraph 6.

7. Defendants admit the allegations set out in Complaint paragraph 7.

8. Defendants admit the allegations set out in Complaint paragraph 8.

9. Defendants admit the allegations set out in Complaint paragraph 9.

10. Local 100 admits that it was substantially in control of the terms and conditions of Plaintiff's work in Harris County, Texas, and had all the authority with respect to Plaintiff's employment and others similarly situated as alleged in Complaint paragraph 10. Defendants deny that SUN ever controlled Plaintiff's employment, directed Plaintiff's work, hired or fired Plaintiff, or acted as an employer of Plaintiff or anyone similarly situated to Plaintiff.

11. Local 100 admits that it has employees subject to the provisions of 29 U.S.C. Section 206 in the facility where Plaintiff, and others similarly situated, were employed, as alleged in Complaint paragraph 11. Defendants deny that SUN has employees in the facility where Plaintiff was employed.

12. Each of Defendants admit that they are separately subject to the FLSA as alleged in Complaint paragraph 12. Defendants deny that any action described in Complaint paragraph 12 was taken collectively between Defendants, or in a manner that would constitute a joint employment by both Defendants of any employee of either of Defendants.

13. Defendants deny: (i) that Plaintiff was initially hired to work for SUN; (ii) that SUN directed Plaintiff to perform work for Local 100; (iii) that Defendants acted directly or indirectly in the interest of the other; (iv) that Defendants shared the same offices in Houston, Dallas, New

Orleans, Baton Rouge and Little Rock; and (v) that Defendants are joint employers, as alleged in Complaint paragraph 13.  Defendants admit that Plaintiff performed work for Local 100, and that each of Defendants have offices located in the same building in each of the five named cities.

14. Defendants can neither admit nor deny whether Plaintiff has retained the firm of Ross Law, P.C., or any of the terms or conditions of such engagement, as alleged in Complaint paragraph 14.  Defendants admit that 29 U.S.C. Section 216(b) provides for recovery of reasonable and necessary attorney's fees.  Defendants will not communicate with Plaintiff except through Ross Law. P.C.

15. Defendants incorporate their answers to Complaint paragraphs 1-14 in response to the allegations incorporated in Complaint paragraph 15.

16. Defendants deny that either of them repeatedly or willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate of not less than one and one-half times his regular rate of pay for hours worked in excess of 40 in a workweek, as alleged in Complaint paragraph 16.  Defendant Local 100 admits that it discovered an error in compensation paid to Plaintiff and mailed to Plaintiff's last known address the amount of unpaid compensation owing prior to receiving a request for Waiver of the Service of Summons in this case or any other notice that this suit had been filed.

17. Defendants deny: (i) that Plaintiff and others similarly situated have worked numerous weeks in excess of forty hours per workweek without compensation at an overtime rate for hours in excess of forty for a workweek; (ii) that Plaintiff or others similarly situated were paid $799.00 biweekly, regardless of hours worked; and (iii) that Plaintiff and members of any putative class worked 50-55 hours per week, as alleged in Complaint paragraph 17.

18. Plaintiff denies: (i) that the notice proposed by Plaintiff in Complaint paragraph 18 is appropriate; (ii) that employees of either of Defendants are similarly situated to the employees of the other of Defendants; and (iii) that any class comprised of employees of Defendants jointly is appropriate, as alleged in Complaint paragraph 18.

19. Defendants deny that this action is properly brought as a class action for the reasons alleged in Complaint paragraph 19. With regard to the reasons in support of a collective action asserted in Complaint paragraph 19:

a. Defendants deny: (i) that the "Collective" is so numerous that joinder of all members is impracticable; (ii) that numerous questions of law and fact regarding liability of Defendants are common to the "Collective" contended for by Plaintiff and predominate over individual issues; (iii) that the claims asserted by Plaintiff are typical of the claims of such "Collective" members; (iv) that the prosecution of separate actions by individual "Collective" members would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct of Defendants; (v) that Plaintiff's claims are coincident with those of the Collective contended for by Plaintiff; (vi) that prosecution of separate actions by individual members of the "Collective" contended for by Plaintiff would create a risk of adjudications with respect to individual Collective members which would be dispositive of the interests of other Collective members not parties to the adjudications or substantially impair or impede their ability to protect their interest; and (vii) that Defendants acted on grounds generally applicable to such Collective, thereby making appropriate final injunctive relief with respect to the Collective as a whole.

b.  Defendants can neither admit nor deny whether Plaintiff will fairly and adequately protect the interests of "Collective" members.  Plaintiff does not share a common employer with all members of the Collective contended for by Plaintiff.

c.  Defendants admit: (i) that any appropriate "Collective," if any, is readily ascertainable from Defendants' own records; (ii) that Plaintiff's claims are not antagonistic to the Collective contended for by Plaintiff; and (iii) that Plaintiff is represented by experienced collective action counsel.

20. Defendants deny the allegation set out in Complaint paragraph 20.

21. Defendants deny the allegation set out in Complaint paragraph 21.

22. Defendants deny the allegations set out in Complaint paragraph 22.

23. Defendants deny that Plaintiff is representative of the employees of the contended for "Collective."  Defendants admit that Plaintiff purports to act on behalf of the contended for "Collective" as well as Plaintiff's own interests in bringing this action, as alleged in Complaint paragraph 23.

24. Defendants deny the allegations set out in Complaint paragraph 24.

25. Defendants deny the allegations set out in Complaint paragraph 25.

26. Defendants admit that the acts described in the Complaint violate the Fair Labor Standards Act, but deny that Defendants have acted as described in the Complaint.

27. Defendants admit that any similarly situated non-exempt employee found not to have been paid time and one-half for hours worked over 40 hours in a workweek is entitled to the amount of overtime compensation which was not paid and should have been paid.  Defendants deny that Defendants engaged in unlawful conduct or that Plaintiff and all others similarly

situated are entitled to actual and compensatory damages as a result of Defendants' unlawful conduct as alleged in Complaint paragraph 27.

28.     Defendants deny the allegation set out in Complaint paragraph 28.

29.     Defendants deny that Plaintiff and all others similar situated should have judgment for the relief requested by Plaintiff in his prayer for relief.

## AFFIRMATIVE DEFENSES

30.     Employees of each of Defendants submitted timesheets on a weekly basis indicating the number of hours the employee worked during the workweek.  Each of Defendants was entitled to rely and did rely on such records of time worked in determining compensation owing.  Plaintiff is estopped from alleging hours worked that vary from the number of hours indicated on timesheets prepared by or signed by Plaintiff and submitted to Local 100.  In the event that this case proceeds as a collective action, each similarly situated person consenting to join as a class plaintiff is similarly estopped from alleging hours worked that vary from the number of hours indicated on timesheets prepared by or signed by such person.

31.     To the extent that Plaintiff seeks and the Court approves any collective action that includes any professional, executive, or administrative employees treated by either Defendant as exempt from the overtime provisions of the Fair Labor Standards Act, each of Defendants made a determination of the exempt status of each of its employees in good faith and had reasonable grounds for believing each employee treated as exempt was exempt.  In the event that any such employee is found not to be exempt and entitled to compensation, each of Defendants is entitled to relief from liability for liquidated damages pursuant to 29 U.S.C. Section 260.

32.     Neither of Defendants willfully failed to pay all compensation due to its respective employees.

33. Defendants have never jointly employed Plaintiff or anyone else. SUN exercised no control over the terms or conditions of Plaintiff's employment with Local 100, or of any other employee of Local 100. Local 100 exercise no control over the terms or conditions of any employee of SUN. No employee of either of Defendants is similarly situated to an employee of the other of Defendants.

Respectfully submitted this 8th day of September, 2014.

SCANLAN, BUCKLE & YOUNG, PC

/s/ Doug Young
Doug Young
Attorney-in-Charge
Texas Bar No. 22180650
Southern District of Texas Bar No. 2365715
602 West 11th Street
Austin, TX  78701
E-mail: dyoung@sbylaw.com
Tel: 512/478-4651
Fax:  512/478-7750
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles L. Scalise
Ross Law Group
1104 San Antonio Street
Austin, Texas 78701

/s/ Doug Young